IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE L. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.  02-CV-1015-DRH |
| | ) |
| DANIEL R. HECHT, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for summary judgment (Doc. No. 55). Plaintiff, Willie L. Carter, filed this § 1983 action, alleging that defendants Hecht and Childers failed to protect him from gang violence at Menard Correctional Center in July, 2002. Specifically, plaintiff alleges that these defendants refused to assign him to a single-man cell and ordered him to share a 2-man cell with inmate Mullins, a highly aggressive gang member, knowing that the housing decision created a substantial risk of serious harm. Plaintiff also alleges that these defendants failed to separate plaintiff from inmate Mullins after they learned that he planned a physical assault. Plaintiff seeks damages for the injuries he suffered when his cell mate punched him in the face and ear on July 20, 2002. The defendants oppose plaintiff's motion (Doc. No. 59).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the

non-moving party and draw all reasonable and justifiable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

A prison official violates an inmate's Eighth Amendment right to be free from cruel and unusual punishment by responding to a known, substantial risk of serious harm with deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 829 (1994).

The materials on file indicate that some relevant facts are not in dispute.  Specifically, the parties agree that plaintiff objected to his housing assignment in the segregation unit and suffered an ear injury after being physically assaulted by inmate Charles Mullins in July, 2002.  However, facts relevant to findings regarding defendant Childers' personal involvement and both defendants' mental state at the time plaintiff was injured are in dispute.  Specifically, defendant Childers can introduce facts suggesting that he was not present in the segregation unit at the time plaintiff was assigned to share a cell with inmate Mullins.  Both defendants can show that, when plaintiff arrived in the segregation unit, he was classified as being eligible for a 2-person cell assignment.  They can also show that protective custody cells are not available in the segregation unit.  Furthermore, the defendants dispute facts indicating that they knew inmate Mullins's gang affiliation at the time plaintiff raised objections to the housing decision.  Also, the defendants can show that they did not actually know that plaintiff and Mullins were enemies at the relevant time.  Finally, the defendants can present information suggesting that plaintiff was not injured to the extent claimed.  In light of the factual disputes, summary judgment is not appropriate.

IT IS RECOMMENDED that plaintiff's motion for summary judgment (Doc. No. 55) be DENIED.

SUBMITTED:    July 14, 2006   .

*s/Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE