IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIE L. CARTER, #B-06938,**

**Plaintiff,**

vs.

**DANIEL R. HECHT and
DAVID CHILDERS,**

**Defendants.**                                            No. 02-CV-1015-DRH

### ORDER

**Herndon, District Judge:**

#### I. Introduction and Background

On September 16, 2002, *pro se* Plaintiff/Inmate Willie L. Carter filed suit against Defendants Daniel Hecht and David Childers alleging violations of his civil rights pursuant to **42 U.S.C. § 1983** (Doc. 1). Specifically, Plaintiff alleges that Defendants refused to assign him a single-man cell and ordered him to share a double-cell with inmate Charles Mullen, a member of an enemy gang. Plaintiff maintains that Defendants deliberately exposed him to inmate violence or responded to the threat of inmate violence with deliberate indifference by placing him in a cell with Mullen. On October 18, 2005, Plaintiff filed a motion for summary judgment. (Doc. 55.) Defendant opposed the motion. (Doc. 59.)

#### II. Analysis

This matter comes before the Court on a Report and Recommendation (the "Report") filed by Magistrate Judge Philip M. Frazier on July 14, 2006 pursuant to **28 U.S.C. § 636(b)(1)(B)**. (Doc. 76.) The Report concerns the motion

for summary judgment filed by Plaintiff. (Doc. 55.) Judge Frazier recommends that the motion be denied. (Doc. 76.) Plaintiff filed a timely objection to the Report (Doc. 77) and Defendants filed a timely response to Plaintiff's objections (Doc. 78). Therefore, this Court undertakes de novo review of the Report. **28 U.S.C. § 636(b)(1)(B)**; **FED. R. CIV. P. 72(b)**; ***Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **FED. R. CIV. P. 72(b)**; ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. ***Id***.

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c)**; ***Oats v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997)** (citing ***Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)**). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)** (citing ***Celotex*, 477 U.S. at 323**). In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***Celex Group, Inc. v. Executive Gallery, Inc.*, 877 F. Supp. 1114, 1124 (N.D. Ill. 1995) (Castillo, J.)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual

disputes in favor of the nonmovant. ***Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998)** (citing ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)**).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, she must show through specific evidence that an issue of fact remains on matters for which she bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994)**, *aff'd*, **51 F.3d 276** (citing ***Celotex*, 477 U.S. at 324**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson*, 477 U.S. at 249-50** (citations omitted); *accord* ***Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996)**; ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**. "[Nonmovant's] own uncorroborated testimony is insufficient to defeat a motion for summary judgment." ***Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 939 (7th Cir. 1997)**. Further, the non-moving party's own subjective belief does not create a genuine issue of material fact. ***Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997)**. However, when all the Court has before it are the diametrically opposed statements of the parties on the critical and ultimate issues of fact, the Court, not in a position to make credibility findings, must pass the case to the next phase of litigation.

Plaintiff urges in his motion for summary judgment that there are

several undisputed facts. Specifically, Plaintiff alleges that he informed Defendant Hecht that Mullen was an enemy and Plaintiff requested that he be placed in a single-cell unit, rather than a double-cell unit with Mullen. (Doc. 55, p. 1.) Plaintiff maintains that he showed Defendant Hecht his grievance dated October 25, 2000 and the counselor's response dated October 26, 2000 following an assault by another member of the gang Mullen belonged to. (*Id*.) Plaintiff further alleges that he was assaulted by Mullen on July 20, 2002 and he produces a grievance report to support this claim. (Doc. 55-2, p. 1.) Plaintiff claims that even after the alleged assault on July 20, 2002, Defendant Hecht continued to refuse to transfer Plaintiff to a different cell. (Doc. 55, p. 2.) In addition, Plaintiff claims that he notified Defendant Childers in the early hours of July 22, 2002 that Mullen was going to hurt him, yet Defendant Childers refused to move him. (Doc. 55, p. 3.) Lastly, Plaintiff alleges that he suffered an ear injury when Mullen assaulted him on July 22, 2002. (*Id*.) Plaintiff argues that all of these facts taken together prove that Defendants failed to take steps to protect Plaintiff from harm in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. **Farmer v. Brennan, 511 U.S. 825, 829 (1994).** Defendants, on the other hand, contest several of Plaintiff's material allegations. Defendants argue that they were not made aware of any danger with placing Plaintiff in a cell with Mullen and that, in fact, they were given the authority to place Plaintiff in a cell with Mullen. (Doc. 59, p. 2.) Defendants maintain that had they been notified of a credible threat, they would have started the process to move Plaintiff. (Doc. 59, p. 7.)

It is difficult to ascertain at this point whether or not Defendants were made aware of the threat posed by Mullen. Given such disputes of material facts, Plaintiff is not entitled to summary judgment.

### III. Conclusion

Therefore, based on a *de novo* review of the Report and considering Plaintiff's objections, the Court **ADOPTS** Judge Frazier's Report (Doc. 76) and **DENIES** Plaintiff's motion for summary judgment (Doc. 55).

**IT IS SO ORDERED**.

Signed this 13th day of September, 2006.

/s/      David RHerndon
**United States District Judge**