IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIE L. CARTER, #B-06938,**

**Plaintiff,**

vs.

**DANIEL R. HECHT** and
**DAVID CHILDERS,**

**Defendants.**                                                  No. 02-CV-1015-DRH

## MEMORANDUM AND ORDER

**Herndon, Chief Judge:**

### I. Introduction

On September 16, 2002, *pro se* Plaintiff/Inmate Willie L. Carter filed suit against Defendants Daniel Hecht and David Childers alleging violations of his civil rights pursuant to **42 U.S.C. § 1983** (Doc. 1). Specifically, Plaintiff alleges that Defendants refused to assign him a single-man cell and ordered him to share a double-cell with inmate Charles Mullen, a member of an enemy gang. Plaintiff maintains that Defendants deliberately exposed him to inmate violence or responded to the threat of inmate violence with deliberate indifference by placing him in a cell with Mullen. On September 13, 2006, the Court entered an order adopting Magistrate Judge Philip M. Frazier's Report and Recommendation denying Plaintiff's motion for summary judgment. (Doc. 83.) In that Order, the Court found that material facts were in dispute and, therefore, Plaintiff was not entitled to summary

1

judgment. On January 9, 2007, Judge Frazier entered an order staying the proceedings against Defendant Childers pending his return from active military duty in Iraq and scheduling an evidentiary hearing as to Defendant Hecht. (Doc. 93.) This matter is now before the Court on the Proposed Findings of Fact and Conclusions of Law ("Findings") issued by Judge Frazier following an evidentiary hearing on Plaintiff's claims as to Defendant Hecht only. (Doc. 103.)

Judge Frazier's Findings recommend that judgment be entered against Plaintiff and in favor of Defendant Hecht. (Doc. 103.) Plaintiff filed timely objections to the Findings (Docs. 105 and 106) and a document entitled Motion for Clarification on Plaintiff's Objections (Doc. 108), which essentially restates Plaintiff's objections. Defendant Hecht filed a response in opposition to Plaintiff's objections. (Doc. 107.) Therefore, this Court undertakes de novo review of the Findings. **28 U.S.C. § 636(b)(1)(B)**; **Fed. R. Civ. P. 72(b)**; ***Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **Fed. R. Civ. P. 72(b)**; ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. ***Id***.

## II. Background

Plaintiff was formerly a member of the Gangster Disciples ("GDs"). In 1991, Plaintiff had a falling out with the GDs while incarcerated within the Illinois

2

Department of Corrections ("IDOC"). Due to threats made against Plaintiff by GD members, Plaintiff was moved into protective custody. Nevertheless, in 1998, Plaintiff was attacked while in protective custody ("PC") by a GD member. In June 2002, Plaintiff was moved from the PC unit to the segregation unit. Plaintiff asserts that he informed Defendant Hecht, an IDOC correctional officer, about his status as a former gang member and requested a single-unit cell. Plaintiff's request was denied. Plaintiff was placed in a double-man cell with Charles Mullen, a GD member, who allegedly threatened to harm Plaintiff. Plaintiff requested, again, that he be moved, but to no avail. On July 20, 2002, Mullen attacked Plaintiff, which resulted in a busted lip and some bruises. There is no evidence that Plaintiff sought medical treatment for his injuries. However, Plaintiff did file a grievance dated July 20, 2002 regarding the incident. (Doc. 55-2, p. 1.) Plaintiff requested that he be "placed on protective single man cell status while in segregation." (*Id.*) Plaintiff was not moved.

Two days later on July 22, 2002, Mullen attacked Plaintiff again. Plaintiff sought medical attention for minor injuries, including a bloody ear. Plaintiff filed a second grievance. (Doc. 55-2, p. 3.) Following the second incident, Plaintiff was moved to a new cell. At the evidentiary hearing, Plaintiff testified that he told Defendant Hecht about the July 20, 2002 altercation at least twice prior to the July 22, 2008 incident.

### III. Analysis

Following the evidentiary hearing, Judge Frazier made the following findings of fact:

3

> 1. Plaintiff was incarcerated in the IDOC on June 10, 2002.
> 2. On that date, plaintiff was moved into cell #533 of the segregation unit at Menard Correctional Center. That move was administered by defendant Daniel Hecht, an IDOC officer.
> 3. Plaintiff had been a protective custody inmate due to poor relations with the Gangster Disciples, a prison gang with which he had previously been affiliated.
> 4. Plaintiff was placed into cell #533 with inmate Charles Mullen, himself a Gangster Disciple.
> 5. IDOC had no record of Charles Mullen as a documented enemy of plaintiff.
> 6. Hecht relied on a Double Cell Evaluation, a regularly maintained IDOC document, to determine which inmates should not be double-celled together. That record gave no indication that Mullen and plaintiff were enemies and inappropriate for double-celling.
> 7. Plaintiff told Hecht that he should receive only a single-cell assignment.
> 8. Despite that, Hecht placed plaintiff with Mullen.
> 9. On July 20, 2002, Mullen attacked plaintiff, injuring him slightly.
> 10. On July 22, 2002, Mullen again attacked plaintiff, causing him slight injuries for which he was treated and from which he suffers no residual affects.
> 11. After the July 22, 2002, attack, Mullen and plaintiff were separated.

(Doc. 103, p. 4-5.)

Plaintiff's "objections" (Doc. 105 and 106) reiterated the findings he agreed with and omitted the findings he disputed. Specifically, Plaintiff agreed with all of the findings, except his first submitted objection disputed finding #6, while his second objection disputed findings #5 and 6.

Plaintiff may be correct 1) that IDOC *should* have had a record that Charles Mullen was a documented enemy of Plaintiff (and, therefore, not allowed Mullen to be placed in the same cell as Plaintiff) and 2) that Defendant Hecht knew or should have known about the first incident (and moved Plaintiff out of Mullen's cell after the first incident to prevent further injury). However, even assuming these

4

facts to be true, Plaintiff has failed to establish or dispute one fact, which is fatal to his claims: Plaintiff did not suffer a "significant injury." Finding #10, which is not disputed by Plaintiff, states, " On July 22, 2002, Mullen again attacked plaintiff, causing him slight injuries for which he was treated and from which he suffers no residual affects." (Doc. 103, p. 5.) In Plaintiff's objections, he does not dispute this fact. He does elaborate upon this finding stating, "Plaintiff had a bloody ear, some ringing in that ear for a few days, and some headaches for which he was treated and released in the medical unit." (Doc. 105, p. 3.) This additional information does not contradict Judge Frazier's finding, which is that Plaintiff suffered only slight injuries.

Defendant's response to Plaintiff's objections asserts that Plaintiff has "not suffered a sufficiently serious injury for liability to be imposed under the eighth amendment to the Constitution of the United States." (Doc. 107, p. 4.) The Court agrees. "The Supreme Court has recognized that inmates are entitled to relief only when their injury is objectively serious and the prison official acted with deliberate indifference to the inmate's safety." ***Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005)**. Plaintiff has failed to establish that he suffered an objectively serious injury as is required for liability to attach with "conditions of confinement" claims. ***Porter v. Nussle*, 534 U.S. 516, 528 (2002)**.

### IV. Conclusion

Therefore, based on a *de novo* review of the Findings and considering Plaintiff's objections, the Court **ADOPTS** Judge Frazier's proposed findings of fact

5

and conclusions of law (Doc. 103) and **DISMISSES** with prejudice all of Plaintiff's claims against Defendant Hecht. The Clerk shall enter judgment against Plaintiff and in favor of Defendant Hecht at the close of this case. In addition, the Court notes that Defendant Childers has notified the Court that he has returned from active military duty and resumed his job at Menard Correctional Center as of January 4, 2008. (Doc. 110). Accordingly, the stay as to Defendant Childers is lifted. The result can be no different as to Defendant Childers, given the evidence and the record in the case. The Court, *sua sponte*, dismisses the case against him, with prejudice, as well for the same reason as Defendant Hecht. The Clerk is directed to prepare a judgment in this case reflecting this action.

**IT IS SO ORDERED**.

Signed this 29th day of February, 2008.

/s/   *DavidRHerndon*

**Chief Judge**
**United States District Court**